Adam C. Anderson (Bar No. 024314)

ANDERSON BANTA CLARKSON PLLC

48 North Macdonald

Mesa, AZ 85201

480-272-5983

adam@abclawgroup.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### PHOENIX DIVISION

| | |
|---|---|
| **TREVIS EDWARD,** | |
| **Plaintiff,** | |
| v. | No. |
| **CREDIT VISION, INC.,** | **COMPLAINT & TRIAL** |
| | **BY JURY DEMAND** |
| **Defendant.** | |

NOW COMES the plaintiff, TREVIS EDWARD, by and through his attorneys, ANDERSON BANTA CLARKSON PLLC., and for his Complaint against the defendant, CREDIT VISION, INC., the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

1

Case 2:14-cv-02331-DKD   Document 1   Filed 10/21/14   Page 2 of 6

## II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4. TREVIS EDWARD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Gilbert, County of Maricopa, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Appliance Warehouse (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Appliance Warehouse was for the purchase of a washing machine/tumble dryer used in Plaintiff's residential property.

7. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. CREDIT VISION, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arizona. Defendant's principal place of business is located in the State of Texas.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

15. In or around March 2007, Plaintiff purchased from Appliance Warehouse an electrical appliance for his personal use.

16. Plaintiff financed the purchase of the electrical appliance (i.e., the Debt).

17. Plaintiff's most recent payment towards his purchase of the electrical appliance was in or around March 2007, at which time Plaintiff stopped making payments against the Debt.

18. Plaintiff has made no payments towards the Debt since in or around March 2007.

19. Plaintiff was first delinquent on the Debt in or around March 2007.

20. On or about July 2, 2014, Plaintiff reviewed his consumer report prepared by the credit reporting agency, Trans Union LLC, and discovered that Defendant was reporting the Debt.

21. According to Plaintiff's July 2, 2014 Trans Union consumer report, the Debt is estimated to continue reporting until December 2019.

22. Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

23. Pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq., Defendant is required to report the date of first delinquency of a debt to any credit reporting agency to which it reports information to ensure that said credit reporting agency can be in compliance with to 15 U.S.C. § 1681c(a)(4).

24. Upon information and belief, given the reporting by Trans Union that the Debt is estimated to continue reporting until December 2019, Defendant has been reporting to Trans Union that the first date of delinquency relative to the Debt is December 2012.

25. Defendant has "re-aged" the Debt so that it can continue to report the Debt to the credit reporting agencies and to ensure that the credit reporting agencies continue to report the Debt for a period greater than the seven (7) year obsolescence period as proscribed by 15 U.S.C. § 1681c(a)(4).

26. By re-aging the account, as delineated above, Defendant communicated false information to the credit reporting agencies.

27. By re-aging the account, as delineated above, Defendant misrepresented the character, nature, and/or status of the Debt.

28. In its attempts to collect the debt allegedly owed by Plaintiff to Appliance Warehouse, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

29. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

30. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TREVIS EDWARD, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully Submitted,

**By:**   <u>s/ Adam C. Anderson</u>

      **Adam C. Anderson**

      **Attorney for Plaintiff,**

      **TREVIS EDWARD**

**October 21, 2014**

**Adam C. Anderson (Bar No. 024314)**

**ANDERSON BANTA CLARKSON PLLC**

**48 North Macdonald**

**Mesa, AZ 85201**

**480-272-5983**

**adam@abclawgroup.com**

**Attorney for Plaintiff**